UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE P. ROBINSON,

       Plaintiff,

v.                              Case No. 8:13-cv-1268-T-33EAJ

ERIC SHINSEKI, Secretary
of Veterans Affairs,

       Defendant.
_____/

**ORDER**

    This cause is before the Court pursuant to Defendant Eric Shinseki's Motion to Dismiss (Doc. # 11) filed on August 13, 2013. Plaintiff Annette P. Robinson filed a response in opposition to the Motion on August 27, 2013. (Doc. # 12). For the reasons stated below, the Court grants Defendant Eric Shinseki's Motion to Dismiss. Count I, Count II, Count IV, and Count V of Robinson's Complaint are dismissed for lack of subject matter jurisdiction. Count III is dismissed without prejudice so that Robinson may have an additional opportunity to state a cause of action, if possible.

**I.   Background**

*Pro se* Plaintiff Annette P. Robinson was employed with the Department of Veterans Affairs, Office of the Inspector General (OIG). (Doc. # 1 at 2). Robinson, an African American individual, had "13 years 7 months of Federal Service" prior to her termination in November of 2011. (Id.).

### A.   Non-Selection for Promotion to a GS-14 Position

In September of 2009, the Department of Veterans Affairs posted five Associate Director job vacancies. (Id.). According to Robinson, there were eleven qualified applicants – five African American individuals and six non-African American individuals. (Id.). Robinson applied for these vacant positions. (Id.). However, in January of 2010, the positions were filled and only non-African Americans were selected. (Id.). According to Robinson she was "equal and more qualified than the selectees," and she believed the selection process was not based on qualifications, but instead was based on race. (Id.).

Subsequently, Robinson asked Dr. John David Daigh, Assistant Inspector General "to reconsider the selections because [Robinson] had more experience, led numerous projects and had 6 year tenure with the OIG." (Id. at 3). Robinson claims this request was ignored. (Id.).

Thereafter, Robinson filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) alleging racial discrimination. (Id.).

### B.   **Three-Day Suspension**

Robinson asserts that on April 26, 2011, her supervisors Carol Torczon and Christa Sistheren "held [Robinson] in [Sistheren's] office against her will denying her the right to move freely without legal justification. Pinching [Robinson's] hand on the door knob as she [tried] to leave the room by barricading the door with her body stating 'you gotto stay.'" (Id.).

Robinson reported this incident to "Headquarters" in Washington D.C. via e-mail the same day, followed by a "Full Report of Contact" to "Headquarters" on April 29, 2011. (Id.). According to Robinson, "[n]othing was ever done nor was [Robinson] ever contacted by Senior Leadership regarding this incident." (Id.). Robinson further reported the incident to the Veterans Affairs ("VA") police on June 8, 2011, who referred the case to the VA OIG Office of Investigation. (Id.). According to Robinson, "the OIG never investigated the complaint or contacted [Robinson] to follow up." (Id.). Robinson alleges that she was suspended

for three days – July 19, 2011 through July 21, 2011 –
without pay in retaliation for the incident. (Id. at 4).

### C.  __FMLA Leave and Removal__

In July of 2011, Robinson applied for leave under the
Family Medical Leave Act (FMLA) as a result of medical
issues with her left knee. (Id.). Robinson contends that
prior to approving her FMLA leave, the VA harassed and
interfered with her FMLA rights "by suspending her without
pay, placing her in AWOL status. . ., issuing Proposals of
Removal prior to approving FMLA," and terminating her in
November of 2011. (Id.).

Robinson initiated this action against Shinseki on May
13, 2013. (See Doc. # 1). From the Court's review, it
appears Plaintiff alleges five violations against Shinseki
in her Complaint. (Id. at 5-6). Those violations are
construed as follows:

> Count I: Robinson's First Amendment right to free
> speech was violated because her termination was the
> result of filing an EEOC Complaint and reporting
> illegal conduct by her supervisors to the VA police.
> (Id. at 5).

> Count II: Robinson's rights under the Rehabilitation
> Act of 1973 were violated when she was terminated for
> "not being able to function in her position" as a
> result of psychological problems exacerbated by the
> conduct of her supervisors. (Id.).

4

Count III: Robinson's termination was in violation of public policy because she was fired in retaliation for reporting the illegal conduct of her supervisors. (Id.).

Count IV: Robinson's rights under the FMLA were violated when Shinseki did not follow the procedures set forth in 29 C.F.R § 825.220. (Id.).

Count V: Robinson's Eighth Amendment right was violated when she was held against her will by her supervisors. (Id. at 6).

Shinseki filed the present Motion on August 13, 2013, seeking dismissal of Robinson's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (See Doc. # 11). On August 27, 2013, Robinson filed a response in opposition to the Motion. (Doc. # 12).

## II. **Legal Standard**

### A. **Rule 12(b)(1)- Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter

jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, as in the instant case, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence

6

outside the four corners of the complaint. Eaton v.
Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

### B.   Rule 12(b)(6)- Failure to State a Claim

On a motion to dismiss, this Court accepts as true all
of the factual allegations in the complaint and construes
them in the light most favorable to the plaintiff. Jackson
v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir.
2004). Further, this Court favors the plaintiff with all
reasonable inferences from the allegations in the
complaint. Stephens v. Dep't of Health & Human Servs., 901
F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss,
the facts stated in [the] complaint and all reasonable
inferences therefrom are taken as true."). However, the
Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough
> to raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
(2007)(internal citations omitted). Further, courts are not
"bound to accept as true a legal conclusion couched as a

factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009)(quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

**III. <u>Discussion</u>**

   **A.   <u>Count I and Count V - Constitutional Claims</u>**

In the Complaint, Robinson alleges violations of her First and Eighth Amendment rights. (Doc. # 1 at 5-6). Specifically, Robinson states,

> 1. [Robinson's] First Amendment right to freedom of speech has been violated, since [Robinson's] discharge, and her non-rehiring for Health Systems Specialist was the result of her exercising her free speech rights by filing an [EEOC Complaint] on the GS-14 promotions and reporting illegal conduct by Ms. Sistheren and Ms. Torczon to the VA Police.
> . . .
> 5. [Robinson's] 8th Amendment Right – Cruel and Unusual Punishment was violated when she was held against her will denying her the right to

> move freely without legal authorization by Ms.
> Torczon and Ms. Sistheren.

(Id.). However, in his Motion, Shinseki asserts that this Court lacks subject matter jurisdiction to hear Robinson's constitutional claims because Robinson "as a federal employee, must raise any constitutional claims through the MSPB process, as required by the Civil Service Reform Act."[1] (Doc. # 11 at 6).

The Court acknowledges that Robinson seeks monetary damages as well as equitable relief. (Doc. # 1 at 6). As a result, the Court will address whether it has subject matter jurisdiction to hear the constitutional claims and to grant Robinson's requested relief, if warranted.

### 1.   Equitable Relief

---

[1]    The Civil Service Reform Act of 1978 (CSRA) "established a comprehensive system for reviewing personnel action taken against federal employees." United States v. Fausto, 484 U.S. 439, 455 (1988). Under this comprehensive system, "[a] qualifying employee has the right to a hearing before the Merit Systems Protection Board (MSPB), 5 U.S.C. §§ 7513(d), 7701(a)(1)-(2), which is authorized to order reinstatement, back pay, and attorney's fees, 5 U.S.C. §§ 1204(a)(2), 7701(g). An employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the Federal Circuit. 5 U.S.C. §§ 7703(a)(1),(b)(1)." Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2127 (2012).

9

In her Complaint, Robinson seeks equitable relief in the form of reinstatement of her position as well as a promotion to a GS-14 position. (Doc. # 1 at 6). "In [Stephens v. Department of Health and Human Services,] the Eleventh Circuit squarely held that, even where a federal court has the power to prescribe an equitable remedy for a constitutional violation, exercising that power is inappropriate where Congress in fact has provided adequate remedial mechanisms." Brown v. Chertoff, 512 F. Supp. 2d 1367, 1371 (S.D. Ga. 2007)(citing Stephens, 901 F.2d at 1576). According to Stephens, "The CSRA provides adequate remedial mechanisms." Id. As such, the Court finds that the administrative grievance process outlined in the CSRA provides Robinson with an exclusive and adequate remedy to address her request for equitable relief.

**2.  Monetary Damages**

Upon review of the Complaint, this Court construes Robinson's request for monetary damages as an attempt by Robinson to allege a Bivens action against Shinseki for the alleged constitutional violations. In the landmark decision Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court held that a plaintiff could state a cause of action and recover monetary damages

10

against a federal official for constitutional violations occurring under the color of federal law. 403 U.S. 388 (1971). In the same opinion, however, the Supreme Court identified two situations in which causes of action for monetary damages against federal officials would not be permitted: (1) when defendants show that Congress has provided an alternative remedy which is explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective and (2) when there are special factors counseling hesitation in the absence of affirmative action by Congress. Carlson v. Green, 446 U.S. 14, 18 (1980)(citing Bivens, 403 U.S. at 396-97).

In Federal Deposit Insurance Corporation v. Meyer, the Supreme Court, in interpreting the contours of a Bivens action, held that a Bivens action for violation of constitutional rights may not be brought against a federal agency but may only be brought against individual federal employees. Young v. SouthTrust Bank, N.A., 51 F. Supp. 2d 1274, 1281-82 (M.D. Ala. 1999)(citing F.D.I.C. v. Meyer, 510 U.S. 471 (1994)). However, bringing suit against a federal official in her official capacity is the equivalent of suing an agency of the United States. Young, 51 F. Supp.

at 1281-82; see Horne v. Soc. Sec. Admin., 359 F. App'x 138, 143 (11th Cir. 2010)("While a plaintiff may bring a Bivens action against a federal officer in his individual capacity, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity."). Consequently, Robinson's claims alleging constitutional violations against Shinseki in his official capacity as Secretary of Veterans Affairs are due to be dismissed.

However, even if Robinson could bring a Bivens action against Shinseki, the Supreme Court in Bush v. Lucas held that a federal employee cannot maintain a Bivens action against his supervisor for violation of his constitutional rights, because such a claim is governed by the procedural and substantive administrative provisions of the CSRA, which establish an alternative, yet effective remedy for constitutional violations by the government. Bush v. Lucas, 462 U.S. 367, 385-86, 388-90 (1983)(applying analysis in the context of a First Amendment claim); see also Wells v. Fed. Aviation Admin., 755 F.2d 804, 809-10 (11th Cir. 1985) (applying same analysis in the context of a Fifth Amendment due process challenge); Gleason v. Malcom, 718 F.2d 1044, 1048 (11th Cir. 1983) (per curiam) (applying same analysis

in the context of First, Fourth, and Fifth Amendment claims).

This Court finds that the constitutional challenges brought by Robinson are fully cognizable within the CSRA system. Furthermore, the procedural and substantive administrative provisions of the CSRA provide an effective remedy for Robinson's constitutional claims against Shinseki. Therefore, regardless of the relief sought, Robinson's constitutional claims against Shinseki are due to be dismissed for lack of subject matter jurisdiction.

**B.   Count II - Rehabilitation Act**

The Rehabilitation Act "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). In her Complaint, Robinson states "[Robinson's] Rehabilitation Act of 1973 and Disability was violated when she was terminat[ed] for not being able to function in her position related to exacerbation of her PTSD caused by Ms. Sistheren and Ms. Torczon." (Doc. # 1 at 5). However, in his Motion, Shinseki asserts that Robinson waived her claim of an alleged violation of the Rehabilitation Act during the MSPB proceeding. (Doc. # 11 at 9). Particularly, Shinseki

states, "[Robinson], while represented by counsel, specifically waived her disability discrimination claim during the MSPB pre-hearing conference, and the disability discrimination claim was not addressed in the ALJ's decision." (Id.).

In general, "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." Stephens v. Connley, 842 F. Supp. 1457, 1459 (M.D. Ga. 1994), aff'd, 48 F.3d 537 (11th Cir. 1995); see 5 U.S.C. § 7703(2)(b)(1). However, the general rule for jurisdiction set forth in 5 U.S.C. § 7703(2)(b)(1) is subject to the discrimination claim exception of 5 U.S.C. § 7703(2)(b)(2): "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act], as applicable." Kloeckner v. Solis, 133 S. Ct. 596, 601 (2012); see § 7703(2)(b)(2).

5 U.S.C. § 7702(a)(1)(B)(i)-(v) provides the "cases of discrimination" referenced in 5 U.S.C. § 7703(2)(b)(2)'s exception:

    **(i)**      section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),

    **(ii)**     section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

    **(iii)**   section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

    **(iv)**    sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

    **(v)**     any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,

Kloeckner, 133 S. Ct. at 601; see 5 U.S.C. § 7702(a)(1)(B)(i)-(v). Accordingly, a petition for review of a "case of discrimination" referenced under 5 U.S.C. § 7702 must be filed in the appropriate district court as defined by the applicable law. Stephens, 842 F. Supp. at 1459; see 5 U.S.C. § 7703(2)(b)(2).

However, a discrimination claim may be abandoned during MSPB proceedings. Id. "The claim may be eliminated from the case either by explicit waiver or through the actions, or inaction, of the petitioning party before the MSPB." Id.; see Blake v. Dep't. of Air Force, 794 F.2d 170, 173 (5th Cir. 1986); Meehan v. U.S. Postal Serv., 718 F.2d 1069, 1073-74 (Fed. Cir. 1983). "If this Court determines that the discrimination claim has been eliminated, then the

Court of Appeals for the Federal Circuit would have exclusive jurisdiction over plaintiff's case." Id.; Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1458-59 (Fed. Cir. 1984).

Upon review of the file, it appears Robinson specifically abandoned her claim of disability discrimination. See Blake, 794 F.2d at 173 (petitioner explicitly abandoned the discrimination claim in proceedings before the MSPB). In the Order and Summary of Telephonic Prehearing Conference, the Administrative Judge expressly noted, "[Robinson] specifically waived her claim of disability discrimination. The board will no longer consider this affirmative defense in deciding the appeal." (Doc. # 11-7 at 2). In the Initial Decision, the Administrative Judge further acknowledged that "[Robinson] specifically waived her claim of disability discrimination during the prehearing conference." (Doc. # 11-6 at 2).

Having found that Robinson abandoned her disability discrimination claim during her MSPB proceedings, the Court finds that it is without jurisdiction to hear this matter. Rather, jurisdiction is proper in the United States Court of Appeals for the Federal Circuit. See Morris v. Roche, 182 F. Supp. 2d 1260, 1267, n.3 (M.D. Ga. 2002)("If the

16

employee does not allege that a basis of the agency's decision was discrimination, his only avenue for relief is an appeal to the MSPB followed by a further appeal to the Federal Circuit.") As such, Count II is due to be dismissed for lack of subject matter jurisdiction.

### C.   Count III - Public Policy

In her Complaint, Robinson alleges "[Robinson's] discharge and the non-hiring violated the public policy of the state of the United States, since [Robinson] was fired and not rehired because of reports about illegal conduct of Ms. Sistheren and Ms. Torczon." (Doc. # 1 at 5). Upon review, this Court finds that, even when construed liberally to account for Robinson's *pro se* status, Robinson's allegation is entirely conclusory and fails to set forth a cause of action or to reference any particular statute or Constitutional provision that Shinseki allegedly violated. Pleadings of this nature violate Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Because Robinson's allegation fails to provide a plain statement of her claim showing that she is entitled to relief, Count III is due to be dismissed. However, Count

17

III is dismissed without prejudice so that Robinson may have the opportunity to file an amended complaint as to Count III that complies with the pleading requirements of the Federal Rules of Civil Procedure.

### D.   Count IV - FMLA

The FMLA authorizes an eligible employee to take up to twelve weeks of unpaid leave per year for a "serious medical condition that makes the employee unable to perform the functions of the position of such employee." Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006); see 29 U.S.C. § 2612(a)(1)(D). An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. Id.; see 29 U.S.C. § 2615(a).

The Eleventh Circuit has recognized that the FMLA creates two types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA], and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the [FMLA]." Krutzig v. Pulte Home Corp., No. 8:07-cv-2330-T-30TGW, 2009 WL 1044018, at *3 (M.D. Fla. Apr. 16, 2009); see also Hurlbert, 439 F.3d at

18

1293 (internal citations omitted); Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1206 (11th Cir. 2001).

Employees are covered under either Title I or Title II of the FMLA. Cavicchi v. Sec'y of Treasury, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004). "Title I of the FMLA grants various rights to employees of private employers and allows such employees to maintain a private right of action against their employers for alleged violations of the FMLA." Diggs v. Shinseki, cv-109-111, 2009 WL 3753999, at *2 (S.D. Ga. Nov. 9, 2009). "However . . . federal employees are not covered by Title I of the FMLA. Id. Rather, federal employees' rights under the FMLA are governed by Title II. Id.

While Title II of the FMLA provides the same substantive rights for federal employees as Title I, the enforcement provisions of Title II do not allow federal employees to maintain a private right of action against their employer. Cavicchi, 2004 WL 4917357, at *6 (adopting the Ninth and Fourth Circuits' view that federal employees may not bring suits based on FMLA violations); see Russell v. United States Dep't of the Army, 191 F. 3d 1016, 1019 (9th Cir. 1999)("[T]he absence of an express waiver of the

19

government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions."); see also Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.").

It is undisputed that Robinson was a federal employee at the time of her termination. (See Doc. # 1). Accordingly, Robinson is covered under Title II of the FMLA and has no private right of action for enforcement. See Cavicchi, 2004 WL 4917357, at *6. Rather, Robinson's exclusive remedy for challenging an adverse employment action is to follow the administrative grievance process outlined in the CSRA. Thus, this Court is without jurisdiction to consider the FMLA claim in Robinson's Complaint. Consequently, Count IV against Shinseki is due to be dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Eric Shinseki's Motion to Dismiss (Doc. # 11) is **GRANTED.**

(2)   Count I, Count II, Count IV, and Count V of Robinson's Complaint are **DISMISSED for lack of subject matter jurisdiction**.

(3)   Count III is **DISMISSED without prejudice**. Plaintiff Annette P. Robinson may file an amended complaint as to Count III on or before November 5, 2013.

(4)   If Plaintiff does not file an amended complaint as to Count III by November 5, 2013, the Clerk is directed to close this case.

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record