UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE P. ROBINSON,

    Plaintiff,
v.                              Case No. 8:13-cv-1268-T-33EAJ

ERIC SHINSEKI, Secretary
of Veterans Affairs,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Eric Shinseki's Motion to Dismiss (Doc. # 50) filed on April 23, 2014. *Pro se* Plaintiff Annette P. Robinson filed a response in opposition to the Motion on May 8, 2014. (Doc. # 52). For the reasons stated below, the Court grants the Motion to Dismiss.

**I.   Background**

Robinson initiated this action against Shinseki on May 13, 2013. (See Doc. # 1). From the Court's review of Robinson's Complaint, Robinson alleged five claims against Shinseki. (Id. at 5-6). Those claims were construed as follows:

    Count I: Robinson's First Amendment right to free speech was violated because her termination was the result of

>filing an EEOC Complaint and reporting illegal conduct by her supervisors to the VA police.
>
>Count II: Robinson's rights under the Rehabilitation Act of 1973 were violated when she was terminated for "not being able to function in her position" as a result of psychological problems exacerbated by the conduct of her supervisors.
>
>Count III: Robinson's termination was in violation of public policy because she was fired in retaliation for reporting the illegal conduct of her supervisors.
>
>Count IV: Robinson's rights under the FMLA were violated when Shinseki did not follow the procedures set forth in 29 C.F.R § 825.220.
>
>Count V: Robinson's Eighth Amendment right was violated when she was held against her will by her supervisors.

(See id.).

Shinseki filed a Motion to Dismiss on August 13, 2013, seeking to dismiss Robinson's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. # 11). On October 21, 2013, this Court granted Shinseki's Motion to Dismiss. (Doc. # 21). Count I, Count II, Count IV, and Count V of Robinson's Complaint were dismissed for lack of subject matter jurisdiction. (Id.). However, Count III was dismissed without prejudice so that Robinson could have an additional opportunity to state a cause of action, if possible. (Id.). Robinson was directed to file an amended complaint as to Count III on or before November 5, 2013. (Id.).

2

On November 5, 2013, Robinson filed "Plaintiff Motion to Amend Public Policy Violation Complaint," which this Court construed as Robinson's Amended Complaint. (Doc. # 26). Shinseki filed a Motion to Dismiss the Amended Complaint on November 19, 2013, seeking dismissal of Robinson's Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 27).

On November 20, 2013, Robinson filed a Notice of Interlocutory Appeal as to this Court's October 21, 2013, Order. (Doc. # 30). The Eleventh Circuit, *sua sponte*, dismissed Robinson's appeal, as the "order dismissing some of [Robinson's] claims is not final and appealable because she timely filed an amended complaint in response to the order." (Doc. # 24). Thereafter, Robinson filed her response in opposition to Shinseki's Motion to Dismiss on March 17, 2014. (Doc. # 38). As this Court found that the Amended Complaint forced Shinseki and the Court to hypothesize as to what statutory, Constitutional, or procedural violations gave rise to Robinson's "public policy violation," the Court granted Shinseki's Motion to Dismiss on March 20, 2014. (Doc. # 39). However, the case was dismissed without prejudice so that Robinson may have one final opportunity to file a second

3

amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.

Robinson filed a construed Second Amended Complaint on April 10, 2014. (Doc. # 42). Thereafter, on April 23, 2014, Shinseki filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Robinson filed a response in opposition to the Motion on May 8, 2014. (Doc. # 52). The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

### a. Rule 12(b)(1)- Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may

4

attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

    b.   **Rule 12(b)(6)- Failure to State a Claim**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v.

Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)(quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

In his Motion, Shinseki argues that dismissal is warranted because the Second Amended Complaint is an impermissible shotgun pleading and fails to state a claim upon which relief can be granted. Furthermore, Shinseki posits that the claims raised in the Second Amended Complaint are not properly before this Court as the claims could have been raised under the Civil Service Reform Act. Therefore, this Court lacks subject matter jurisdiction over these claims.

#### A. Fed. R. Civ. P. 12(b)(6)

According to the Motion, the Second Amended Complaint constitutes an impermissible shotgun pleading. (Doc. # 50 at 3). Namely, the Second Amended Complaint lacks numbered paragraphs, in violation of Fed. R. Civ. P. 10(a). Furthermore, Shinseki contends that the Second Amended Complaint fails to articulate a claim with sufficient clarity to allow Shinseki to frame a responsive pleading as the Second Amended Complaint is a "disorderly mass of information." (Id.).

7

Upon review, the Court finds that even when construed liberally to account for Robinson's *pro se* status the Second Amended Complaint as written constitutes an impermissible shotgun pleading that fails to provide the coherent and concise statement of facts required to survive a motion to dismiss. See <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128-29 (11th Cir. 2001)(defining "shotgun" pleadings). Shotgun pleadings of this nature violate Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as is practicable to a single set of circumstances."

First, Robinson's Second Amended Complaint entirely lacks numbered paragraphs, in violation of Fed. R. Civ. P. 10(b). In its March 20, 2014, Order, this Court instructed Robinson that her Second Amended Complaint needed to comply with the pleading requirements of the Federal Rules of Civil Procedure. Robinson has not heeded this Court's instruction.

Furthermore, while the Second Amended Complaint contains an array of facts and allegations, this Court is left to hypothesize as to what claim constitutes Robinson's "public policy" allegation. Specifically, in the Second Amended

8

Complaint, Robinson has provided this Court with three sections: 1) Misconduct – Assaults; 2) Civil Service Reform Act; and 3) Retaliation Act Title VII. Nonetheless, given Robinson's *pro se* status and in order for this Court to have a thoroughly analyzed record, the Court will address each in turn.

1. **Misconduct – Assaults**

In this section, Robinson contends that she was assaulted by her supervisors and reported the incident to Senior Leadership in the Office of Healthcare Inspection in Washington, D.C. pursuant to VA OIG CM Directive 329. (Doc. # 42 at 1). According to Robinson, VA Police recommended that the case be forwarded to VA OIG Administration Investigation for review and possible investigation, but that no further VA police involvement was warranted. (Id. at 2). Robinson provides that "Not only was the VA Police recommendation ignored, the VA OIG Policy 329 was ignored also." (Id. at 3).

Although Robinson has provided this Court with a copy of the OIG policy regarding Reporting and Handling Allegations of Misconduct Against Office of Inspector General Employees (Doc. # 42-1), it continues to be unclear to this Court what relief Robinson seeks in this section. As a result, this Court

9

is left to theorize as to the claim Robinson asserts against Shinseki, which it declines to do.

### 2. Civil Service Reform Act

In this section, Robinson admits that she is "aware that the CSRA include[s] three agencies" and one would provide a remedy in this case – the Merit System Protection Board. (Doc. # 42 at 3). However, Robinson argues that she has filed her claims with the MSPB and has exhausted all her available remedies prior to bringing her claims to this Court.

Upon review, Robinson has failed to allege a statutory or constitutional violation demonstrating that she is entitled to relief. Instead, she uses this section as a vehicle to express her grievance over the MSPB's alleged failure to adhere to its policies. Therefore, the Court finds that Robinson fails to state a claim upon which relief can be granted under the Civil Service Reform Act section.

### 3. Retaliation Act Title VII

In the Second Amended Complaint, for the first time, Robinson alleges a claim under 42 U.S.C. § 2000e-3(a), which Robinson titles "Retaliation Act Title VII," which provides:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings

10

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

Robinson contends that on April 26, 2011, she reported that an incident occurred between her and her supervisors stemming from her asking a question regarding asbestos in the building, and she provided a detailed account of the incident on April 29, 2011. (Doc. # 42 at 4). However, Robinson states that no investigation of the report occurred in violation of VA OIG Directive 329. (Id.).

When Robinson returned from a five week leave of absence, she contends that she was issued a three day suspension for the April 26, 2011, incident and was further harassed by her supervisors. (Id. at 5). This "harassment" included having Robinson file requests for FMLA leave on five occasions,

"denying one an excuse from the doctors," having Robinson fly to Washington D.C. during her suspension when Robinson requested not to do so due to her illness, and denying Robinson's request for leave donation and advance leave and request to telework. (Id.). Robinson contends that co-workers of a different race, specifically Caucasian ethnicity, were able to ask questions regarding the asbestos and received permission to telework. (Id.). Robinson further provides that as a result of Robinson's "intolerable" psychological, mental, and emotional stress, Robinson's supervisor terminated Robinson as she was unable to function in her position. (Id.).

For purposes of the present analysis, this Court will liberally construe the Second Amended Complaint due to Robinson's *pro se* status and find that Robinson has stated a claim under 42 U.S.C. § 2000e-3(a). However, the Court will determine whether it has subject matter jurisdiction over Robinson's 42 U.S.C. § 2000e-3(a) claim.

### B. Subject Matter Jurisdiction

To the extent Robinson brings a claim for discrimination, this Court finds that Robinson could have previously raised this issue during her MSPB appeal. (See Doc. # 11-6). There, Robinson raised the "affirmative

12

defenses of discrimination based on race." (Id. at 8). Upon review, the MSPB found that the Department of Veterans Affairs had a non-discriminatory reason for removing Robinson. (Id. at 8). As there was no direct evidence of discrimination or reprisal, the MSPB looked to circumstantial evidence. (Id.). The MSPB found that there was essentially little evidence, if any, of discrimination or reprisal on behalf of the Department of Veterans Affairs against Robinson. (Id.).

In general, "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." Stephens v. Connley, 842 F. Supp. 1457, 1459 (M.D. Ga. 1994), aff'd, 48 F.3d 537 (11th Cir. 1995); see 5 U.S.C. § 7703(2)(b)(1). However, the general rule for jurisdiction set forth in 5 U.S.C. § 7703(2)(b)(1) is subject to the discrimination claim exception of 5 U.S.C. § 7703(2)(b)(2): "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act], as applicable." Kloeckner v. Solis, 133 S. Ct. 596, 601 (2012); see 5 U.S.C. § 7703(2)(b)(2).

13

5 U.S.C. § 7702(a)(1)(B)(i)-(v) provides the "cases of discrimination" referenced in 5 U.S.C. § 7703(2)(b)(2)'s exception:

> (i)   section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
> (ii)  section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
> (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
> (iv)  sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
> (v)   any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph . . . .

5 U.S.C. § 7702(a)(1)(B)(i)-(v). Accordingly, a petition for review of a "case of discrimination" referenced under 5 U.S.C. § 7702 must be filed in the appropriate district court as defined by the applicable law. Stephens, 842 F. Supp. at 1459; see 5 U.S.C. § 7703(2)(b)(2).

Robinson specifically brought her retaliation claim under 42 U.S.C. § 2000e-3a, which does not fall under one of the "cases of discrimination" set forth in 5 U.S.C. § 7702(a)(1)(B)(i)-(v). Accordingly, Robinson is bound to adhere to the requirement that "a petition to review a final order or final decision of the [MSPB] shall be filed in the

United States Court of Appeals for the Federal Circuit." Therefore, the Court lacks subject matter jurisdiction over Robinson's 42 U.S.C. § 2000e-3a claim.

Robinson has now had three opportunities to state a claim for which this Court has jurisdiction. Despite these opportunities, Robinson has failed to do so. While the Court understands that the litigation process can be a complex and difficult one for a *pro se* litigant, it cannot afford any litigant unlimited opportunities to amend without unduly burdening the opposing party. Therefore, the Court grants Shinseki's Motion to Dismiss, and as a result Robinson's Second Amended Complaint is dismissed for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Eric Shinseki's Motion to Dismiss (Doc. # 50) is **GRANTED.**

(2) This case is dismissed for lack of jurisdiction.

(3) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of May, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record