**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANNETTE P. ROBINSON,**

    **Plaintiff,**

v.                                            Case No: 8:13-CV-1268-T-33EAJ

**ERIC SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's **Affidavit of Indigency** (Dkt. 54), which the court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a party requesting to proceed with an appeal in forma pauperis must file a motion with the district court and "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (c) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

An appeal may not be taken in forma pauperis if "the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 54). See 28 U.S.C. § 636(b)(1).

appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). A claim is frivolous if it is "without arguable merit either in law or fact." Id. at 859-60 (citation and internal quotation marks omitted).

Plaintiff's affidavit states that Plaintiff is divorced, has no dependents other than herself, and currently works as a Nurse Case Manager for Maxim Government Services, earning $1,240 per week. She does not own any real property. Plaintiff states she pays the following each month: $669.00 in rent, $300 for gas, $273.00 for car insurance, and $250 for car maintenance. Plaintiff also states that she owes $5,000 for medical bills, for which she pays $25.00 per month and $160,000 to Great Lakes in student loans, for which she pays $181.00 per month. Plaintiff pays co-pays on her medical appointments of $20.00. Further, Plaintiff has the following upcoming expenses: $91.00 for nursing license renewal, $45.00 for "education prior to license," and another renewal expense of $71.00. Plaintiff also states that she owes $23,000 on an automobile loan.

Plaintiff's affidavit of indigency reveals the requisite inability to pay the cost of proceeding on appeal. However, Plaintiff's appeal from a final judgment in favor of Defendant appears frivolous. After giving Plaintiff two opportunities beyond her initial Complaint (Dkt. 1) to conform her complaint to the Federal Rules of Civil Procedure, the Court dismissed Plaintiff's Second Amended Complaint for lack of jurisdiction. (Dkt. 53 at 15) The Court found, despite three opportunities to do so, that Plaintiff had not made "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in violation of Rule 8(a), Fed. R. Civ. P., and had not stated her claims in numbered paragraphs as required by Rule 10(b), Fed. R. Civ. P. (Dkt. 53 at 8, 15)

Moreover, Plaintiff's Notice of Appeal (Dkt. 57) states only that "Annette P. Robinson, *pro*

*se* is appealing Document Order number 53. Dated May 9, 2014." (Id.) "Document Order number 53" refers to the Court's May 9, 2014 Order (Dkt. 53) granting Defendant Eric Shinseki's Motion to Dismiss (Dkt. 50). However, Plaintiff fails to identify the legal issues she seeks to appeal and does not provide any factual basis for concluding the district court erred. See, e.g., Thomas v. Hernando County Hous. Auth., No. 8:07-CV-1902-T-33EAJ, 2009 WL 62883, at *1-2 (M.D. Fla. Jan. 8, 2009) (denying permission to proceed in forma pauperis where petitioner failed "to identify any issues whatsoever to be addressed on appeal").

Therefore, Plaintiff's appeal is without arguable merit in fact or law and is not taken in good faith.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiff's construed motion to proceed in forma pauperis (Dkt. 54) be **DENIED**.

**Date: July 15, 2014**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff

3